# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| ANGELO B. LICATA, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 1:18-cv-00045-GZS |
| STATE OF MAINE | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

In this action, the petitioner, Angelo B. Licata, seeks relief pursuant to 28 U.S.C. § 2254. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (ECF No. 1). The state has requested dismissal because, the state argues, the Petition was not timely filed under 28 U.S.C. § 2244(d)(1). *See* Respondent's Amended Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Answer") (ECF No. 10). Following a review of the Petition and the state's request for summary dismissal, I recommend that the court grant the state's request and dismiss the Petition.

### I. Factual Background and Procedural History

The petitioner was convicted of murder, 17-A M.R.S.A. § 201(1)(B), on October 3, 2012, following a guilty plea. *See* Docket Record, *State of Maine v. Licata*, Docket No. SKOSC-CR-2011-00264 (Me. Super. Ct.) ("Underlying Criminal Case"), Tab A to [Redacted] State Court Record ("Redacted Record") (ECF No. 10-1), attached to Answer, at 7. The court sentenced the petitioner to a prison term of 30 years. *See id.*

The petitioner did not appeal from the conviction. *See id.* at 7-8. On February 6, 2013, the Sentence Review Panel of the Maine Law Court denied the petitioner's application for leave to

appeal from the sentence. *See* Docket Record, *State of Maine v. Licata*, Docket No. SRP-12-559 (Me.) ("Sentence Appeal"), Tab B to Redacted Record, at 1-2.

On October 31, 2013, the petitioner filed a state court petition for post-conviction review. *See* Docket Record, *Licata v. State of Maine*, Docket No. SOMCD-CR-2013-01328 (Me. Super. Ct.) ("State Post-Conviction Review"), Tab C to Redacted Record, at 1. The court appointed counsel in May 2014, and an amended petition was filed in February 2015. *See id.* at 1-2. The court held an evidentiary hearing in January 2016. *See id.* at 3. The court denied the petition in May 2016. *See id.*

The Law Court denied discretionary review on January 26, 2017. *See* Docket Record, *Licata v. State of Maine*, Docket No. Som-16-404 (Me.) ("Discretionary Appeal"), Tab D to Redacted Record, at 2-3.

In his section 2254 Petition, which the petitioner states he placed in the prison mailing system on January 26, 2018, and which was filed on February 1, 2018, the petitioner alleges that his due process rights were violated, his plea was involuntary, he received ineffective assistance of counsel in the plea process, and there was judicial bias in the post-conviction proceeding. *See* Petition at 1, 5-12, 18. The petitioner attached to the Petition a copy of the state court post-conviction decision. *See* PCR Decision and Order, State Post-Conviction Review (ECF No. 1-2), attached to Petition. In essence, the petitioner challenges the state court post-conviction decision, and, thus, contends that he is entitled to relief under section 2254(d).[1]

---

[1] Title 28 U.S.C. § 2254(d) addresses claims that were adjudicated on the merits in state court and states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

The state requests dismissal based only on timeliness grounds. *See* Answer at 3. The state court record is correspondingly limited to the relevant state court docket records. *See* Redacted Record.

## II. Discussion

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

In turn, 28 U.S.C. § 2244(d) governs the time within which a petitioner must assert a claim under section 2254, providing:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from such filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2244(d).

The petitioner did not timely file his section 2254 Petition under section 2244(d)(1)(A).[2] The one-year limitation period for filing a petition starts when the judgment is final. *See* 28 U.S.C. § 2244(d)(1)(A). A judgment is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and internal quotation marks omitted).

---

[2] The petitioner does not allege any facts to suggest, nor does the record reflect any information that would suggest, that any of the start dates set forth in 28 U.S.C. § 2244(d)(1)(B), (C), or (D) applies. The petitioner does not allege actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, as in this case, expiration of the statute of limitations.").

Nor is the petitioner entitled to a hearing to determine whether the doctrine of equitable tolling should be applied in his case. A petitioner is entitled to equitable tolling of the federal limitation period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In *Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010), the First Circuit recognized "that mental illness can constitute an extraordinary circumstance, which may prevent a habeas petitioner from understanding and acting upon his legal rights and thereby equitably toll the [section 2244(d)] limitations period." The First Circuit concluded that the district court abused its discretion when it denied equitable tolling, and it vacated the judgment and remanded the case for further development of the record, noting that "various pieces of evidence point[ed] in different directions" and that it was "a close call as to whether or not equitable tolling [wa]s warranted." *Riva*, 615 F.3d at 42-44. On appeal after the remand, the First Circuit concluded that the district court did not abuse its discretion when it denied equitable tolling. *See Riva v. Ficco*, 803 F.3d 77, 81 (1st Cir. 2015).

In this case, the petitioner alleges in a conclusory manner that he has mental health issues due to sleep apnea and that he experiences "fatigue and daytime drowsiness" as well as "anxiety, depression, fatigue, malaise, irritability, anger, hostility, and other similar problems." Petition at 9. Although it appears that the petitioner alleges, in support of the merits of his claim of ineffective assistance, that he had these symptoms at the time of the crime, this recommended decision assumes, for the sake of argument, that he also intends the allegations to support equitable tolling. *See id.*

An evidentiary hearing is not warranted on the issue of equitable tolling, because the allegations are vague and unsupported; the petitioner fails to explain how he tried to pursue his rights diligently, or how his case is in any way extraordinary. *See Holland*, 560 U.S. at 649; *Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016) (concluding that the petitioner's "allegations that he is 'intellectually disabled' and 'functionally illiterate' . . . are conclusory and insufficient to justify an evidentiary hearing") (citation and internal quotation marks omitted). The alleged facts, even if proven, do not amount to extraordinary circumstances. *See, e.g., Alvarado v. Smith*, 713 F. App'x 739, 743 (10th Cir. 2017) (concluding that the petitioner failed to demonstrate that "he was incapable of pursuing his own claim because of mental incapacity"; noting that he "claim[ed] to suffer from specific mental conditions such as psychosis and dementia, but he provide[d] no evidence in support") *Norwood v. United States*, No. 17-1370, 2017 WL 4404632, at *3 (6th Cir. July 3, 2017) (concluding that the petitioner's allegations that he suffered from depression and left school at age 16 did not establish extraordinary circumstances or diligent effort to pursue relief).

.

In the petitioner's case, the judgment became final on May 7, 2013, which was 90 days after the February 6, 2013, date on which the Law Court issued its decision in the petitioner's sentencing appeal. *See* Sup. Ct. R. 13 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). The limitation period under section 2244(d)(1) ran from and including May 7, 2013, to but excluding October 31, 2013, the date on which that period was tolled by the petitioner's filing of his state court petition for post-conviction review. *See, e.g., Holland*, 560 U.S. at 635-36 (noting that the limitation period starts to run on the date the period of direct review ends, which in *Holland* was the date on which the Supreme Court denied certiorari, and is tolled on the day a petition for post-conviction relief is filed). Between May 7, 2013, and October 31, 2013, 177 days of the 365-day limitation period passed.

The period from and including October 31, 2013, when the petitioner filed the state court petition, to but excluding January 26, 2017, when the Law Court denied a certificate of probable cause, was tolled pursuant to section 2244(d)(2). *See id*; *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) ("[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures.") (citation, alterations, and internal quotation marks omitted). From and including January 26, 2017, the limitation period once again started to run, with 188 days remaining (365 – 177 = 188). *See Holland*, 560 U.S. at 635-36, 638. The limitation period expired on August 1, 2017.

The petitioner's section 2254 Petition is untimely because he did not place it in the prison mailing system until January 26, 2018, after the one-year limitation period set forth by section 2244(d)(1)(A) expired.[3] Dismissal of the Petition, therefore, is warranted.

### III. Conclusion

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend that the court dismiss the petitioner's Petition for habeas relief under 28 U.S.C. § 2254 and deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

Dated this 5th day of June, 2018.

---

[3] That the Petition could be interpreted to allege ineffective assistance of post-conviction counsel for the failure to allege that trial counsel was ineffective for failing to raise a defense based on sleep apnea (*see* Petition at 9) does not affect the limitation period. *See, e.g., Martinez v. Ryan*, 566 U.S. 1, 9, 16 (2012) (holding, on equitable rather than constitutional grounds, that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"); *Mann v. Superintendent Greene SCI*, No. 16-3815, 2016 WL 9978391, at *1 (3d Cir. Jan. 30, 2017) ("*Martinez* has nothing to do with the governing statute of limitations and cannot excuse a failure to file within the limitations period.").